UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTIN J. RAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-3052 JAR ) |
| HEALTH CONSULTANTS INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. However, plaintiff will be required to file an amended complaint, in addition to a copy of his right to sue from the Equal Employment Opportunity Commission ("EEOC"), and his charge of discrimination, within thirty (30) days of the date of this Memorandum and Order.

**Background**

Plaintiff brings this action asserting claims for "harassment" and retaliation. Named as the defendant in this action is plaintiff's former employer, Health Consultants, Inc., a gas line locator, doing business in Howton, Texas. Plaintiff's complaint does not state the law under which he is bringing his claims, and the Court will not surmise a claim when one has not been articulated.

In his complaint, plaintiff asserts that he was hired by defendant on February 26, 2018. He claims he was "released on the field on or around the first Monday in April 2018." In two

1

type-written pages in his complaint, he asserts that he was a good employee between April and June of 2018, although he admits that two of his supervisors asserted that he should have produced "more tickets."

Plaintiff allows that in May 31, 2018, one of his supervisors put him on a Performance Improvement Program ("PIP") and gave him one week to complete 23 tickets a day, or he would be terminated. However, plaintiff states that he told his Field Service Manager David Hood of the situation and was advised that he would be in town on or around the second week of June 2018. Plaintiff claims that after coming in town and evaluating the situation, Hood had plaintiff's project manager's remove the PIP and he advised plaintiff that there was nothing to be concerned with.

Plaintiff claims that after his transfer to his new supervisor, his ticket count went up, however, on July 2, 2018, he was informed by his crew leader there was damage on a ticket that plaintiff had worked on and that he had "read the ticket wrong." Plaintiff states that he was suspended three days without pay, but after reviewing the investigation report he noticed that the excavator had violated Missouri Law in performing the excavation. Plaintiff states his crew leader failed to respond to his assertions.

Plaintiff claims that he attempted to speak to Hood and Human Resources about the issue but they refused to investigate the matter. Plaintiff asserts that he was retaliated against by his project manager on July 12 and on July 31 in retaliation against him. Plaintiff claims that he was terminated on August 13, 2018 for lack of production although he had never been sent home for lack of production or other work-related problems.

**Legal Standard**

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which

relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *See, e.g., Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

**Discussion**

As noted above, plaintiff has failed to state the federal statute under which he is bringing this action, although he states he is asserting "harassment and retaliation claims." However, he has not indicated whether he is part of a protected class, such that his claims fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. For this reason, the Court will have plaintiff amend his complaint on a court-provided form for filing employment discrimination complaints. In his amended complaint, plaintiff must set forth exactly what statute he is bringing his claims under. He must also carefully fill out the "Statement of Claims," asserting how he believes his claims against his former employer are impacted by his protected status under Title VII.

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). If plaintiff has received an EEOC right to sue letter, he must submit a copy of it so the Court can ascertain the timeliness of his federal employment claims. *See* 42 U.S.C. § 2000e-5(f)(1) (to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue). Accordingly, the Court will order plaintiff to amend his complaint and supplement the record by submitting a copy of his EEOC right to sue letter, and a copy of his charge of discrimination, within thirty (30) days of the date of this Order.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented

non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc. #2 and #4] are **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided form, submit a copy of his EEOC right to sue letter, and a copy of his charge of discrimination, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 14th day of November, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4