# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUINTIN J. RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-3052 JAR |
| | ) |
| HEALTH CONSULTANTS INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the amended complaint filed by self-represented plaintiff Quintin J. Ray. (Docket No. 6). The Court previously granted plaintiff *in forma pauperis* status and reviewed his complaint under 28 U.S.C. § 1915. (Docket No. 5). Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form alleging the federal statute under which he is bringing this action and to attach a copy of his right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and charge of discrimination. For the reasons discussed below, the Court will dismiss plaintiff's gender discrimination claim for failure to exhaust administrative remedies and dismiss plaintiff's retaliation claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Amended Complaint and Charge of Discrimination**

Plaintiff is a self-represented litigant who brings this employment discrimination complaint against defendant Health Consultants Inc., a gas line locator, doing business in Texas. The amended complaint is on a Court-provided form, as required. In his amended complaint, plaintiff checked the box indicating he is bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.* for termination of his employment,

retaliation, and harassment. (Docket No. 6 at 1, 4). Plaintiff indicated he believes he was discriminated against because of his gender. Plaintiff seeks "compensatory and punitive damages," but does not specify an amount.

In the body of his amended complaint, plaintiff alleges he was hired by defendant on February 26, 2018. He claims he was "released in the field on or around the first Monday in April 2018." At the end of April, plaintiff's crew leader informed him that he "was not performing [the] job to his satisfaction" and that his "ticket count was down." Plaintiff claims in May 2018, his crew leader told him "as a man [he] was not cut out for [the] job or his crew" and his project manager told him "that if [he] was not man enough to do the job that [he] could be terminated."

Plaintiff alleges on May 31, 2018, one of his supervisors put him on a Performance Improvement Program ("PIP") and gave him one week to complete 23 tickets per day, or he would be terminated. Plaintiff states he told his Field Service Manager of the situation who removed the PIP, reassigned him to a different crew, and advised him "there was nothing to be concerned with." Plaintiff claims that after his transfer to a new supervisor, his ticket count went up. However, on July 2, 2018, he was informed by his crew leader there was damage on a ticket that plaintiff had worked on and that he had "read the ticket wrong." Plaintiff states he was suspended for three days without pay, but after reviewing the investigation report he noticed the excavator had violated Missouri Law in performing the excavation. Plaintiff states his crew leader failed to respond to his allegations about the excavator.

Plaintiff claims he attempted to speak to his Field Service Manager and Human Resources about the issues, but they refused to investigate his complaints. Plaintiff asserts he was retaliated against by his project manager on July 12 and on July 31 until he was terminated on August 13,

3

2018. Plaintiff claims he was terminated for lack of production although he had never been sent home for lack of production or other work-related problems.

Plaintiff filed a charge of discrimination with the EEOC on January 30, 2019. (Docket No. 6-1 at 1). Plaintiff checked the box indicating he was discriminated against based on retaliation. Plaintiff did *not* check the box for "sex." In the section designated for "particulars," plaintiff wrote: "I believe that I was subjected to different terms and conditions in retaliation for reporting the harassment" and "I believe I was discharged in retaliation for reporting the harassment." The EEOC sent him a right-to-sue letter on August 8, 2019 and plaintiff timely filed this instant lawsuit.[1]

## Discussion

Plaintiff brings his claim of employment discrimination under Title VII, alleging gender discrimination and retaliation for making complaints to management.

### I. Gender Discrimination Claim

Plaintiff's EEOC charge of discrimination made no indication that he had been discriminated against on the basis of his gender. Rather, the charge is entirely predicated on retaliation. In the section designated for plaintiff to allege the basis of his discrimination, plaintiff checked the box for "retaliation" and left the box for "sex" blank. In the narrative portion of the charge where he describes the particulars of the alleged discrimination, plaintiff limits his allegations to a retaliation claim. Plaintiff states he was "subjected to different terms and conditions in retaliation for reporting the harassment" and "discharged in retaliation for reporting

---

[1] On November 14, 2019, the Court reviewed plaintiff's original complaint and directed him to submit a copy of his EEOC charge of discrimination and right to sue letter within thirty days. (Docket No. 5). Plaintiff duly complied with this order by filing an amended complaint with EEOC charge and right to sue letter on December 11, 2019. (Docket No. 6).

4

the harassment." (Docket No. 6-1 at 1). Plaintiff alleges his "Project Manager subjected [him] to adverse actions following [his] compliant [sic]" and he "continue[d] to inform H.R. of the adverse action and retaliation . . . until [his] discharge." *Id.* Plaintiff provides no mention of sex or gender discrimination.

As a precondition to filing suit in federal court, Title VII requires a plaintiff to exhaust all administrative remedies. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claims of discrimination on the basis of his gender are not like or reasonably related to his claims of retaliation plaintiff made in his charge of discrimination. Because a claim of gender discrimination was not considered during the EEOC investigation, nor would one expect a claim of gender discrimination to be investigated based upon plaintiff's failure to mention or

5

detail allegations of such discrimination, plaintiff's gender discrimination claims are dismissed for failure to exhaust administrative remedies.

## II. Retaliation Claim

Plaintiff alleges harassment and termination in retaliation for his complaints about management's treatment of him. Plaintiff alleges his supervisors subjected him to unwarranted disciplinary actions, scrutinized his work, reduced his hours, placed him on PIP, and suspended him for a work-related error that was not his fault. Plaintiff complained to his supervisors and defendant's human resources department about the harassment, but alleges his complaints were never addressed. In retaliation for his complaints, plaintiff alleges he was ultimately terminated.

Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of race, color, religion, sex, or national origin. *See Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999). To establish a prima facie case for retaliation under Title VII, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Lockridge v. HBE Corp.*, 543 F. Supp. 2d 1048, 1060 (E.D. Mo. Feb. 29, 2008).

"Title VII prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002) (finding no protected activity where plaintiff complained she was entitled to a pay raise but did not attribute employer's failure to give her a raise to discrimination). "[N]ot every complaint about conditions in the workplace, legitimate or

6

otherwise, constitutes a protected activity; retaliation in response to an activity that is not protected does not support a retaliation claim." *Lockridge*, 543 F. Supp. 2d at 1060.

Liberally construing plaintiff's allegations, the Court cannot find plaintiff has stated a prima facie case of retaliation against his employer because he has not alleged he engaged in a protected activity, was being harassed as a result of his inclusion in a protected class, or identified an employment practice prohibited under Title VII about which he complained. Plaintiff states he was criticized for his inability to complete tickets and was subject to disciplinary actions from his supervisors due to their impressions of his poor work performance. Plaintiff alleges that he was terminated in retaliation for complaining to defendant company's human resources department about getting blamed for a mistake that was not his fault. Plaintiff did allege that on two occasions his supervisors told him that "as a man" he did not seem "cut out" for the job. However, plaintiff has not alleged he was subject to any disparate treatment *because of* gender, that he complained to his employer about harassment or discrimination *based on* gender, or that similarly situated employees of a different gender were treated more favorably. A complaint to his employer about discrimination based on gender would constitute a protected activity. The Court has no facts from which it could draw any inference that plaintiff engaged in any activity protected under Title VII and was retaliated against because of that protected activity. Although plaintiff's complaints may be legitimate in describing an antagonistic work environment, he has not alleged he was retaliated against for engaging in statutorily protected activity.

Liberally construing the complaint, plaintiff's allegations of retaliation against defendant does not survive review under 28 U.S.C. § 1915(e)(2)(B) and, therefore, the Court concludes plaintiff has not adequately stated a retaliation claim and it will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's gender discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, are **DISMISSED**, without prejudice, against defendant Health Consultants Inc. pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that that plaintiff's retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of April, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**